**ISLAND'S CHOICE, INC., Appellant,**

**v.**

**AMERICAN SAMOA GOVERNMENT, OFFICE OF PROCUREMENT AND LOLO M. MOLIGA, CHIEF PROCUREMENT OFFICER, Appellees.**

High Court of American Samoa
Appellate Division

AP No. 07-99

July 21, 1999

Before KRUSE, Chief Justice, WARD[*], Acting Associate Justice, SAGAPOLUTELE, Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Appellant, Brian M. Thompson
　　　　　For Appellee, Fiti A. Sunia, Assistant Attorney General

## OPINION AND ORDER

### Facts and Procedural History

On June 4, 1999, Appellant Island's Choice, Inc. ("Island's Choice") filed a petition for stay of administration action with the court naming as appellees the American Samoa Government ("ASG") and Lolo M. Moliga, Chief Procurement Officer ("CPO"). In its petition, Island's Choice seeks the issuance of a stay of the government school lunch program's milk procurement award for the 1999-2000 school year.

Earlier this year, Island's Choice had submitted a proposal to ASG for supplying milk for the school lunch program. One other local company also responded to ASG's request for proposals and invitations to bid. A source evaluation board ("SEV") reviewed each proposal as per bid and product specifications, including product samples. Based upon the findings of the SEV, the CPO awarded the contract to the other bidder on May 7, 1999. Island's Choice filed a "notice of dispute" two days later, and on May 14, 1999, the CPO issued a written "final decision" confirming the award.

Island's Choice's notice of dispute also included a proposed "Stay Order" for the CPO to execute, and stated that failure to do so would result in the filing of a requested stay in the High Court. Island's Choice next filed a "notice of appeal" on May 17, 1999, with the Governor's Office pursuant to A.S.A.C. § 10.0282, which establishes an administrative appeals process for reviewing contested ASG procurement awards. That notice also requested that the Governor issue a stay of the award "to forestall unnecessary action in the High Court."

On May 21, 1999, the Governor, pursuant to administrative rule, appointed a three-member administrative appellate panel to review the disputed procurement award. The Governor also denied the stay requested by Island's Choice.

---

[*] The Honorable John L. Ward II, District Court Judge, serving by designation of the Secretary of the Interior.

On May 25, 1999, Island's Choice inquired of the administrative appellate panel as to whether there would be an "expedited schedule of hearings and consideration" by the panel, stating that it needed this information to determine whether or not to "move in the High Court for such a Stay." The next day, the Chairman of the panel responded that Island's Choice's request would be considered once the panel convened.

On June 4, 1999, Island's Choice filed its petition for stay with the appellate division of the High Court, along with a motion for expedited hearing. The motion was denied, and a hearing was held on July 7, 1999, with counsel present. At the hearing, counsel advised the court that the administrative appeals panel was actively reviewing the disputed procurement award, and the court was moved to continue the hearing until July 14, 1999.

On July 13, 1999, Island's Choice filed a petition for review of administrative order with the court. According to the petition, the administrative appeals panel held hearings on June 30, July 1 and 6, 1999. Island's Choice asserted that the appeals panel had reached a decision and would recommend to the Governor that the initial award be affirmed. The final decision of the Governor was expected in the near future.

At the second hearing of July 14, 1999, counsel for Island's Choice urged the court to adopt an expedited briefing schedule for the court to consider the petition for review. As discussed *infra*, we deny the motion and dismiss the appeal.

## Discussion

■ Island's Choice argues that the court has jurisdiction to review the final order of the CPO notwithstanding the absence of a final decision by the Governor on the administrative appeal of the CPO's decision. We disagree.

■ Our jurisdiction to review final (or effectively dispositive) agency decisions in contested cases is prescribed under A.S.C.A. § 4.1040 *et seq*. A.S.C.A. § 4.1040 provides an entitlement of judicial review for a "person who has exhausted all administrative remedies within an agency and who is aggrieved by a final decision in a contested case. . . ." Subsection (b) of that statute qualifies the application of subsection (a), and prohibits simultaneous judicial review under § 4.1040 and under any other statute specifically providing adequate means of judicial review. Subsection (c) further qualifies subsection (a) by relieving a person aggrieved by a "preliminary, procedural or intermediate agency action or ruling" from exhausting all administrative remedies prior to filing with the court for judicial review "only if review of the final agency decision

would not provide an adequate remedy."

A.S.C.A. § 4.1041 sets forth how proceedings for judicial review of final, or immediately reviewable interim, agency decisions or rulings may be instituted and how stays of such rulings may be issued. Subparagraph (a) provides that proceedings for review are instituted by filing a petition in the appellate division within 30 days after the decision to be reviewed is issued or, if reconsideration or a rehearing is requested, within 30 days after the decision thereon. Subsection (b) reads:

> The filing of a *petition under this section* shall not stay enforcement of the agency's decision. The agency may grant, or the court may order, a stay on appropriate terms.

(emphasis added).

To properly invoke this court's limited jurisdiction to review administrative decisions of the executive branch, a party must timely file a petition for judicial review within the 30-day period required by A.S.C.A. § 4.1041(a). The mere filing of that petition does not automatically stay the administrative decision to be reviewed under the petition. A.S.C.A. § 4.1041(b). Once a petition for review is filed with the court, either the agency may grant, or the court may order, a stay on appropriate terms.

Island's Choice attempted to invoke this court's judicial review powers by filing its June 4, 1999, petition for a stay of the CPO's decision so that Island's Choice could pursue a final decision from the Governor. The July 13, 1999, petition for review stated that although the Governor had not issued a final decision in this matter, it appeared that he would affirm the CPO's procurement award.

Under the broad legal themes of separation of powers, sovereign immunity, exhaustion of administrative remedies and judicial restraint, we narrowly hold that neither is Island's Choice presently entitled to invoke the court's judicial review powers nor has it demonstrated any basis for this court to immediately review any interim agency decision on the grounds that the remaining administrative remedies are inadequate.

At a minimum, A.S.C.A. §§ 4.1040-41 contemplate a timely-filed petition for review which contains allegations sufficient to facially support an inference: of the petitioner's entitlement to judicial review by virtue of exhausting all administrative remedies (A.S.C.A. § 4.1040(a)) or of grounds sufficient to support immediate review of an interim agency decision where further pursuit of available administrative remedies by petitioner would not provide an adequate remedy (A.S.C.A.

§ 4.1040(c)); and that the court was not prohibited from exercising its judicial review powers by operation of a separate, specific law (A.S.C.A. § 4.1040(b)).

Island's Choice initiated the administrative appeals proceedings immediately prior to filing its petition for stay with this court. The record reflects prompt compliance by the executive branch with the administrative rules applicable to the administrative review of procurement awards. The Governor's final decision has not been issued.

■ Island's Choice has not exhausted its administrative remedies, nor has it demonstrated that any interim agency decision requires immediate judicial review. Indeed, by first initiating the administrative appeals process with the Governor's Office and then applying to this court for a stay, Island's Choice has clearly indicated that the disputed procurement award could be adequately remedied by the Governor's reversal and remand of that award at the conclusion of the administrative review proceedings.

Island's Choice relies heavily upon our decision in *BHP Petroleum South Pac., Inc. v. American Samoa Gov't*, 2 A.S.R.3d 1 (App. Div. 1998) as grounds for its position that we should assume jurisdiction over this still-pending administrative matter. That reliance is misplaced. In the *BHP* case, the petitioner's filings demonstrated that the initial procurement award was made by the Governor who had himself assumed the statutory powers of the office of the Chief Procurement Officer. The petitioners then attempted to pursue administrative review remedies by filing notice with the Governor, which effectively would have required the Governor *to review his own decision* made in his capacity as the CPO.

On its face, petitioner's pleadings in *BHP* presented the court with an interim agency ruling at clear variance with the statutes creating and establishing a Chief Procurement Officer for ASG, and demonstrating a clear appearance that administrative review under those extraordinary circumstances would not provide an adequate remedy. The critical distinction in the *BHP* case was the fact that despite petitioner's best efforts to seek administrative review, the Governor had neglected to even appoint an administrative appeals panel until after petitioners filed their pleadings in the appellate division of the High Court.

In the instant matter, Island's Choice has been timely afforded its rights to pursue an apparently adequate administrative appeal, which simply remains unfinalized. Under A.S.C.A. § 4.1040, we therefore lack jurisdiction for judicial review at this time and, consequently, also lack the authority to exercise our ancillary powers to issue a stay.

## Order

For the foregoing reasons, the appeal is hereby dismissed without prejudice.

It is so ordered.